**[J-77A&B-2013]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| DEPARTMENT OF ENVIRONMENTAL PROTECTION, | : | No. 4 WAP 2013 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court entered |
| v. | : | September 20, 2011 at No. 495 CD |
| | : | 2010 affirming the Order of |
| CUMBERLAND COAL RESOURCES, LP | : | Environmental Hearing Board entered |
| AND AMFIRE MINING CO., LLC, | : | March 16, 2010 at Nos. 2009-068-L, |
| | : | 2009-069-L, 2009-070-L, 2009-071-L, |
| Appellees | : | 2009-072-L, 2009-082-L, 2009-139-L, |
| | : | 2009-140-L. |
| DEPARTMENT OF ENVIRONMENTAL | : | |
| PROTECTION, | : | No. 5 WAP 2013 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court entered |
| v. | : | September 20, 2011 at No. 764 CD |
| | : | 2010, affirming the Order of |
| EMERALD COAL RESOURCES, LP AND | : | Environmental Hearing Board entered |
| CUMBERLAND COAL RECOURCES, LP, | : | March 30, 2010 at Nos. 2009-023-L, |
| | : | 2009-040-L. |
| Appellees | : | |
| | : | |

ARGUED: October 15, 2013


**CONCURRING OPINION**


**MR. JUSTICE SAYLOR**                    **DECIDED: SEPTEMBER 24, 2014**


I join the majority opinion as it relates to the "accidents" question.

With respect to the Department's compliance orders pertaining to placement of portable fire extinguishers on scoops to supplement their existing automatic fire

protection systems, I agree with the majority's conclusion that scoops are not locomotives, mantrip cars, or personnel carriers under Section 273(f) of the Mine Safety Act. See Majority Opinion, slip op. at 29-30. My only reservation about the majority's reasoning concerns its breadth relative to the Department's wider array of powers. See id. at 31 ("[T]he DEP's suggestion that, simply because it is safety related, it can require fire extinguishers on all vehicles, even if they are not statutorily required, would be to arrogate a power without a statutory basis, making it virtually impossible for a mine owner to reasonably understand what is required of it so as to comply with the law, and to raise the specter of constitutional infirmity on the basis of vagueness."). Left to my own devices, I would confine the present discussion more closely to the factual scenario at hand, entailing the Department's issuance of notices of violation expressly predicated on an incorrect interpretation of a statute.

I realize that the Department suggests, as an alternative to its position on statutory construction, that we can disregard the specific grounds for its compliance orders which are plainly stated on the face of each, see R.R. 101a-107a (reflecting that each compliance order specifies Section 273 as the basis for the relevant violation), and treat such orders as a general exercise of the agency's broader powers to effectuate the purposes of the Mine Safety Act and advance safety. However, I would simply decline to proceed beyond the matters at hand in such a fashion. In this regard, I would suggest that some underlying source of authority must precede a violation, whether this may be a statute, regulation, or other form of valid administrative prescription or pronouncement.